IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL PERRAULT,              No. CIV S-06-1353-DFL-CMK

    Plaintiff,

  vs.                          ORDER

C.P.S., et al.,

    Defendants.

_____/

        Plaintiff, who is proceeding pro se, brings this civil action apparently seeking a remedy for alleged slander, defamation of character, and discrimination.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it

appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Based on a state probation report attached to plaintiff's complaint, it appears that plaintiff was convicted, following a guilty plea, of unlawful sexual intercourse with a minor under the age of 16 years old. The probation officer recommended that plaintiff serve 365 days in county jail with a credit for 223 days already served. The probation report was submitted on April 19, 2006, in preparation for a hearing on May 3, 2006. In his in forma pauperis application submitted on September 11, 2006, plaintiff stated that he is not incarcerated. Therefore, it appears that plaintiff may have already served his sentence.

Given that plaintiff has named as defendants the District Attorney's Office and the Trinity County Superior Court, and in light of the probation report and plaintiff's references in the complaint to a "charge" against him, it is clear that plaintiff's claim concerns some kind of criminal prosecution against him. What is not clear, however, is the status of those proceedings. If plaintiff's state court case is still pending, then this challenge to that action would be premature because this court is barred from reviewing any civil claim arising from an ongoing state criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971). If the sate court proceedings are concluded, then this civil action would not be cognizable to the extent success on the merits would necessarily imply the invalidity of the state court outcome. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). See Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994); Butterfield v. Bail 120 F.3d 1023, 1024-25 (9th Cir. 1997). Plaintiff would be required to seek post-conviction relief from the state courts prior to proceeding in this court with a habeas corpus petition challenging any criminal conviction and sentence.

1       It is possible that the court does not understand plaintiff's claim given the lack of
2 specificity in the current pleading.  Therefore, in the interest of justice, plaintiff will be given an
3 opportunity to amend the complaint before dismissal is recommended.  Plaintiff is warned that
4 failure to file an amended complaint within the time provided in this order may result in
5 dismissal of this action.  <u>See</u> Local Rule 11-110.
6       Accordingly, IT IS HEREBY ORDERED that:
7       1.     Plaintiff's complaint (Doc. 19), filed on November 3, 2006, is dismissed
8 with leave to amend; and
9       2.     Within 30 days of the date of this order, plaintiff shall file a first amended
10 complaint.

12 DATED:  December 8, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE