IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL PERRAULT,                               No. CIV S-06-1353-DFL-CMK

    Plaintiff,

  vs.                                                FINDINGS AND RECOMMENDATIONS

C.P.S., et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding pro se, brings this civil action against the Trinity County Superior Court and a number of employees of the Trinity County District Attorney's Office, among others.  Pending before the court is plaintiff's document entitled "Amened Complaint"(sic) (Doc. 23), filed on January 9, 2007.

    The court screened plaintiff's original complaint (Doc. 19) pursuant to 28 U.S.C. § 1915(e)(2). On December 11, 2006, the court issued an order dismissing the complaint with leave to amend, observing:

> Based on a state probation report attached to plaintiff's complaint, it appears that plaintiff was convicted, following a guilty plea, of unlawful sexual intercourse with a minor under the age of 16 years old. The probation officer recommended that plaintiff serve 365 days in county jail with a credit for 223 days already served. The probation report was

|   |   |
|---|---|
| 1 | submitted on April 19, 2006, in preparation for a hearing on May 3, 2006. In his in forma pauperis application submitted on September 11, 2006, plaintiff stated that he is not incarcerated. Therefore, it appears that plaintiff may have already served his sentence. |

        Given that plaintiff has named as defendants the District Attorney's Office and the Trinity County Superior Court, and in light of the probation report and plaintiff's references in the complaint to a "charge" against him, it is clear that plaintiff's claim concerns some kind of criminal prosecution against him. What is not clear, however, is the status of those proceedings. If plaintiff's state court case is still pending, then this challenge to that action would be premature because this court is barred from reviewing any civil claim arising from an ongoing state criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971). If the state court proceedings are concluded, then this civil action would not be cognizable to the extent success on the merits would necessarily imply the invalidity of the state court outcome. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). See Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994); Butterfield v. Bail 120 F.3d 1023, 1024-25 (9th Cir. 1997). Plaintiff would be required to seek post-conviction relief from the state courts prior to proceeding in this court with a habeas corpus petition challenging any criminal conviction and sentence.

Plaintiff was provided an opportunity to file an amended complaint in order to clarify his allegations.

In response to the December 11, 2006, order, plaintiff filed the instant amended pleading, which the court must again screen pursuant to § 1915(e)(2). In the amended pleading, plaintiff states:

> Discrimination as a man, and as I believe it was because I a Native American ethnicity. My civil rights were broken in court by no letting me contest the allegation and I tried too do so. (sic).
>
> The action I want the court to take is letting me prove it in a court hearing. Because my civil rights were broken and denied.
>
> Enclosed: Copies of my proof of this case.
>
> As I'm asking for a criminal case be open on conspiracy all so. Form the Grand Jury of Trinity Co. I would like it to come to U.S. court. (sic).
>
> I'm sending you everythink. (sic).

///

The following is a partial listing of the documents attached:

1. January 4, 2007, certified copy of plaintiff's birth certificate;

2. Page 4 of what appears to be a 59-page report prepared by an employee of Trinity County Health and Human Services;

3. Hand-written declarations from Teresa L. Mariante, Paula A. Miller, and Mark Stone;

4. Portions of a State of California Health and Welfare Agency document entitled "Emergency Response Referral Information" regarding Bradley Thomas and James Thomas, who apparently are plaintiff's step-sons;

5. Portions of a State of California Health and Welfare Agency investigative narrative prepared in 2005 or 2006 regarding Ashley Thomas and Heather Thomas, who apparently are plaintiff's step-daughters;

6. Portions of a February 16, 2006, document entitled "Detention Report";

7. An October 12, 2006, letter from C. Lopez of the California Attorney General's Office Public Inquiry Unit, regarding plaintiff's "correspondence to the Office of the Attorney General regarding a county employee, agency, or official and the handling of a case by a county agency or district attorney" and stating that the Attorney General would not intervene;

8. Portions of a brief filed in the California Court of Appeal in the case of People v. Perrault, No. C053187, arguing that the "trial court abused its discretion when it found that appellant had the ability to pay over eleven thousand dollars for the legal representation of the public defender, the cost of preparation of the pre-sentence report, the costs associated with probation supervision, and the costs of incarceration."

The portion from the appellate brief in People v. Perrault is particularly illuminating. The following facts are recited in the excerpt provided:

> Since this is an appeal of a no contest plea, the following facts are taken from the probation officer's report.
> In September of 2005, appellant, his wife, Robin Perrault, appellants thirteen-year-old step-daughter (the "victim"), and some of the victim's brothers and sisters were living in a tent in a campground. Appellant and his wife slept on a mattress, and the children slept on the ground.
> On or about September 28, 2005, appellant's thirteen-year-old step-daughter decided to sleep on the mattress with appellant and his wife, and appellant was positioned in the middle. During the night, appellant reached over and touched the vagina of his step-daughter twice for a few minutes, and she then rolled over.

>When appellant was later interviewed, he stated that he did not know his step-daughter was on the mattress, and thought he was touching his wife.

Based on the foregoing, the court is able to draw some conclusions about this action. It is clear that plaintiff was convicted following a no contest plea to charges in state court. Given that plaintiff has filed documents from a non-custodial address, it is also clear that plaintiff is no longer in custody. The court can also conclude that plaintiff has completed whatever sentence was imposed and that the state court case has concluded. Based on the letter from the Attorney General's Office, it is also clear that some kind of dispute arose between plaintiff and the prosecutor's office concerning the District Attorney's discretionary functions. Based on the amended pleading before this court, plaintiff is asserting that his civil rights were violated because he was not allowed to challenge the criminal charges against him. Plaintiff further asserts in this action that defendants engaged in a conspiracy to violate his civil rights because he is a Native American.

Because the state court proceedings have concluded, <u>Younger v. Harris</u> would not appear to present a bar to federal court jurisdiction. However, the court concludes that, in the context of a civil action, plaintiff's claims are not cognizable pursuant to the rule articulated in <u>Preiser v. Rodriguez</u> and its progeny. Specifically, plaintiff is claiming that his constitutional rights were violated during his state court criminal proceeding because he was not allowed to challenge the charges. Plaintiff is also claiming discrimination on the basis of his ethnicity. If true, these claims would necessarily imply the invalidity of the outcome of plaintiff's state court criminal case. As such, plaintiff's claims are not cognizable in the context of a federal civil rights action until such time as the state court conviction has been invalidated. Therefore, dismissal of this action is appropriate.

This is not to say that plaintiff cannot have his day in court. He simply cannot have that day in this court at this time. Because the federal courts have limited jurisdiction and must afford comity to the states, plaintiff must first approach the state court with his claims.

1  Based on the foregoing, the undersigned recommends that this action be
2  dismissed and that the Clerk of the Court be directed to enter judgment and close this file.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Failure to file objections within the specified time may waive
8  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: January 18, 2007.

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE